VIRGINIA McCALL *vs.* JOSIAH C. PARKER, JR. & others.

By the Rev. Sts. *c.* 49, § 1, an infant, who is accused of being the father of a bastard child, on a complaint made to a justice of the peace by the mother, may be required to give bond, with sureties, to appear and answer to such complaint, at the next court of common pleas, and to abide the order of the court thereon ; and his infancy is no defence, either for him or his sureties, to an action on such bond.

In a suit on such bond, given by an infant, neither the principal nor the sureties can defend on either of the following grounds ; viz. because it does not appear, from the record of the justice who issued the warrant against the party accused, and before whom the party accused was brought on the warrant, that the mother made complaint to the justice, previously to her examination by him ; or because the mother, being an infant, made her complaint personally, and not by her next

friend or guardian; or because such warrant directed the officer to bring the party accused before the justice who issued it, or before some other justice; or because the warrant directed the officer to bring the party accused before the justice, to find sureties for his personal appearance at the next term of the court of common pleas; or because the order of the justice was, that the party accused should give bond for his personal appearance at court, and to abide and perform the order or orders of the court; or because the accused party's appearance at court was by attorney.

DEBT on a bond, executed on the 28th of February 1846, by Josiah C. Parker, jr. as principal, and the other defendants, as his sureties. The condition of the bond was, that whereas the plaintiff, upon her examination, on oath, before a justice of the peace, had accused said Josiah C. of being the father of a bastard child, of which she was likely to be delivered, and that said justice had ordered him to give sureties for his appearance at the court of common pleas, to be held at Barnstable, in April 1846, then and there to answer to the said accusation; if said Josiah C. should appear at the said court, and answer to the said accusation, and abide the order of the court thereon, the bond should be void; otherwise, should remain in force.

The case was submitted to the court, on the following statement of facts: The plaintiff, on the 25th of February 1846, made complaint in writing, and on oath, to a justice of the peace, alleging that she was with child, and that the child was likely to be born a bastard, and accusing Josiah C. Parker, jr. of being the father of said child, &c. and praying that said Parker might be apprehended, and held to answer to said complaint and accusation. On the same day, said justice issued a warrant against said Parker, directed to the sheriff of the county of Barnstable, or his deputy, or either of the constables of the town of Barnstable, requiring either of them forthwith to apprehend the said Josiah C. Parker, jr. and to bring him before said justice, or some other justice of the peace in and for said county of Barnstable, to find sureties, as well for his personal appearance at the next court of common pleas, &c. as that he should abide such order or orders as should then and there be taken, in pursuance of a

law of the Commonwealth in such case made and provided
The recital, which was in the warrant, and which preceded
the aforesaid direction to the officer to apprehend said Parker,
was in these words : "Whereas Virginia McCall of Barn-
stable in the county of Barnstable, single woman, by her
voluntary examination, hath declared that she is with child,
and that the said child is likely to be born a bastard, and
accuses Josiah C. Parker, jr. of Barnstable in the county of
Barnstable, mariner, of being the father of said child, and
hath prayed process against the said Josiah C. Parker, jr."

The record of said justice showed that said Parker was
brought before him, on the 28th of February 1846, " by
virtue of a warrant duly issued upon the voluntary examina-
tion and accusation of Virginia McCall," (setting forth the
substance of said examination and accusation,) and that, upon
the reading of said Virginia's accusation to said Parker, and
upon his being asked by said justice, whether he was guilty
or not guilty of the offence charged upon him in the said
examination and accusation, he pleaded and said he was not
guilty.   The said record then concluded as follows : " But,
after a due investigation and examination, it appears to me
that the said Josiah C. Parker, jr. is guilty of the offence
aforesaid.   It is therefore considered and ordered by me, the
said justice, that the said Josiah C. Parker, jr. give bond in
the sum of five hundred dollars, with sufficient sureties, for
his personal appearance at the next court of common pleas to
be held," &c. in April 1846, "to answer to such charge, and
to abide and perform such order or orders, as shall then and
there be made, and to stand committed till he comply with
the above order."

The plaintiff's complaint was entered in the court of
common pleas for the county of Barnstable, at April term
1846, when the parties appeared ; and it then appearing that
the complainant had not been delivered of the child men-
tioned in her complaint, the case was continued to the ensu-
ing September term of said court, when, for the same reason,
the case was again continued to April term 1847.   At that

term, the said Virginia presented to said court her complaint, alleging therein, by herself, and by her next friend, Charles Lewis, that she was delivered of a bastard child, on the 7th of October 1846 ; that Josiah C. Parker,-jr. of Barnstable was the father of said child, (stating the time and place when and where the child was begotten ;) that on the 25th of February 1846, she made complaint to a justice of the peace, (naming him,) "and desired to institute a prosecution against said Parker, whom she then accused of being the father of said child ; that thereupon the said justice took her accusation and examination in writing, under oath, respecting the person accused, the time and place when and where the complainant was begotten with child, and respecting such other circumstances as the said justice then judged necessary for the discovery of the truth of said accusation : " That said justice issued his warrant, on which said Parker was arrested and carried before said justice, who, after hearing him in his defence, required him to give a bond to the complainant, with sufficient sureties, in the sum of $500, to appear and answer to said complaint, &c. with which requisition the said Parker complied, as by the record thereof and by the bond, in court to be produced, will appear : That the cause founded upon said accusation was entered in court and continued from term to term : That having been put upon the discovery of the truth respecting said accusation, in the time of her travail in the birth of said child, she did thereupon accuse the said Parker of being the father of said child, of which she was then about to be delivered; and that she had continued constant in such accusation. Wherefore she prayed that the said Parker might be held to answer to her complaint and accusation, and be adjudged the father of said child, and stand charged with the maintenance thereof, with the assistance of the mother, in such manner as the court should be pleased to order.

Charles Lewis appeared and was admitted, by the court, as next friend of said Virginia, (who was then an infant,) to prosecute said complaint ; and thereupon the said Josiah C

Parker, jr. withdrew, and, though solemnly called to come into court and answer to said complaint and accusation, did not appear, but made default.

The said Josiah C. Parker, jr. at the time of the execution of the bond in suit, was under the age of twenty one years, and this fact was known to all parties concerned. At the April term of the court of common pleas, in 1846, and at the following September term, an appearance, by attorney, was entered for said Parker; which appearance was withdrawn at April term 1847. Said Parker was under the age of twenty one years when he was defaulted, as aforesaid, but was more than twenty one years old when the writ in this suit on the bond was served upon him.

Upon these facts, it was agreed by the parties, that if this action were maintainable against either or all of the defendants, the court should "render such judgment therein as to law and justice shall appertain."

*Z. Scudder*, for the plaintiff. The principal obligor is bound, though he was an infant when he executed the bond. He was required, by the Rev. Sts. *c.* 49, § 1, to execute it, or be committed to prison ; there being no exception of infants in the statute, and no such exception being implied, from the nature of the case, or the rules of law applicable to such a case. And infants "are bound by all acts which they are obliged by law to do." Per Parsons, C. J. 6 Mass. 80. Plaintiffs in replevin are obliged to give bonds to the defendant ; and it seems from the case of *Blood* v. *Harrington*, 8 Pick. 552, that an infant plaintiff is liable on such bond. So an infant must give a bail bond, if he can have bail; for the sureties on such bond are not liable, unless there is a principal. *Bean* v. *Parker*, 17 Mass. 591. See also *Wood* v. *Washburn*, 2 Pick. 24. An infant, committed in execution, is entitled to a discharge, in New York, on assigning his property ; and such assignment is valid, under the statute which authorizes "every person" to make it. *People* v. *Mullin*, 25 Wend. 698. There are divers other contracts by which infants are bound. See Bac. Ab. Infancy & Age, I.

1 Jarman on Wills, 28. 2 Kent Com. (5th ed.) 243. *Butler* v. *Breck*, 7 Met. 164. They are also liable for costs, in actions which they are enabled to prosecute. *Smith* v. *Floyd*, 1 Pick. 275.

At the worst, the bond is voidable only, and not void as to the principal. *Zouch* v. *Parsons*, 3 Bur. 1799. 1 Amer. Leading Cases, 108 *& seq.* And in such cases the sureties are held, though the principal may avoid the contract.

It will be objected, that the proceedings before the justice were so defective and irregular that the principal obligor may avoid the bond for duress, even if he would otherwise be bound by it. If this were so, the sureties would still be held; duress of the principal being no defence for the surety. *Huscombe* v. *Standing*, Cro. Jac. 187. 20 Amer. Jurist, 26. But there is no fatal defect in those proceedings.

It will be objected, that the warrant, which was issued for the apprehension of the principal defendant, did not allege that the plaintiff's complaint against him was made on oath. But the Rev. Sts. *c.* 135, $ 2, do not require this allegation in a warrant in criminal cases, though they require that the complaint shall be on oath. "The substance of the accusation" is all that is required to be recited in the warrant. See *Donahoe* v. *Shed*, 8 Met. 326. *Commonwealth* v. *Moore*, 19 Pick. 339. Besides; the process, on which the principal defendant was arrested, was a civil process, in which, *a fortiori*, the oath need not appear on the warrant. *Marsh* v. *Bancroft*, 1 Met. 497. *Williams* v. *Campbell*, 3 Met. 209. *Marston* v. *Jenness*, 11 N. Hamp. 156.

It will also be objected, that the warrant commanded the officer to bring Parker before the magistrate who issued it, " or some other justice of the peace ; " and *Fisher* v. *Shattuck*, 17 Pick. 252, will be relied on. This might have been a fatal objection, if the officer had carried Parker before another justice ; but, as he was carried before the proper magistrate, this direction in the warrant may be treated as mere surplusage. See *Chapel* v. *Congdon*, 18 Pick. 257. Besides ; this was matter of form only, and should have been

32 *

excepted to at an earlier period. After a party has appeared and given bond, he cannot take this objection. *Robie* v. *McNiece*, 7 Verm. 419. *Schooler* v. *Commonwealth*, Litt. Sel. Cas. 89. *Walker* v. *Commonwealth*, 3 A. K. Marsh. 356. See also *Cooke* v. *Gibbs*, 3 Mass. 193. *Carlisle* v. *Weston*, 21 Pick. 535.

The defendants may perhaps object, that the warrant ordered Parker to be brought before the justice, "to find sureties," instead of ordering that he should be brought, "to be heard," &c. But, if this was a defect in the warrant, it was cured by the subsequent words, viz. "in pursuance of a law of the Commonwealth." Besides; the justice's record shows that Parker was heard, upon being brought before the justice.

The order of the justice will, perhaps, be objected to, because it was for Parker's "*personal appearance*," and "to abide *and perform*" the order or orders of the court; whereas the Rev. Sts. *c.* 49, § 1, authorize the justice to require a party "to give bond to *appear* and answer, and to *abide* the order of the court." But it is clear that the appearance required by the statute, § 6, is a personal appearance, because, by § 4, the party charged, if found guilty, is to give bond, with sureties. And the word 'perform' means no more than the word 'abide.' See *Taylor* v. *Hughes*, 3 Greenl. 433. *Corson* v. *Tuttle*, 1 Appleton, 409.

The appearance of Parker, by attorney, though he was a minor, is no objection, in proceedings like this. And if he ought, in strictness, to have appeared by guardian, yet the proceedings will stand until reversed on error, or quashed on *certiorari*. *Knapp* v. *Crosby*, 1 Mass. 479. *Austin* v. *Charlestown Female Seminary*, 8 Met. 196. And the plaintiff might well proceed without the intervention of her next friend. *Low* v. *Mitchell*, 6 Shepley, 372.

٠ *H. A. Scudder*, (*Clifford* was with him,) for the defendants. The proceedings against the principal in the bond were so irregular as to render it void for duress to him. It is also void by reason of his infancy.

I. The irregularities, which put Parker under duress, are

numerous. (1.) It does not appear that the plaintiff made any complaint to the magistrate, previously to her examination, according to the provision in Rev. Sts. *c.* 49, § 1. (2.) The plaintiff should have proceeded by her guardian or next friend, and not in her own name only. *Hinman* v. *Taylor*, 2 Connect. 357. And this ground of defence can be taken, without bringing a writ of error or of *certiorari*. *Wilbur* v. *Crane*, 13 Pick. 288. See also *Mariner* v. *Dyer*, 2 Greenl. 165. *Marston* v. *Jenness*, 11 N. Hamp. 156. (3.) The bond is void because the warrant, on which Parker was arrested, was void; it being made returnable before "some other justice." *Fisher* v. *Shattuck*, 17 Pick. 252. The officer might have returned the warrant before what justice he pleased. 1 Chit. Crim. Law, 29. The cases cited for the plaintiff, to show that this objection comes too late, were processes against adults. But Parker was an infant, and could not plead nor appoint an attorney to plead for him. This is the first time that he has had a standing in court. There is no estoppel or presumption against him, by reason of any prior proceeding in the case ; as there would have been, if there had been an order of filiation, or if he had appeared and pleaded in a legal way. (4.) The warrant was not according to the Rev. Sts. *c.* 49; but Parker was brought before the justice to give bond with sureties for his personal appearance, &c. He was therefore under duress, which avoids the bond. *Richardson* v. *Duncan*, 3 N. Hamp. 508. Bac. Ab. Duress, A. 20 Amer. Jurist, 23. (5.) Parker's appearance should have been by guardian ; the proceeding being a civil one. As he did not so appear, the proceedings against him were erroneous, and his detention was duress. *Knapp* v. *Crosby*, 1 Mass. 479. *Hill* v. *Wells*, 6 Pick. 104. *Arnold* v. *Sandford*, 14 Johns. 417. Chit. Con. (5th Amer. ed.) 857. (6.) The Rev. Sts. *c.* 49, § 1, provide that the magistrate, "after hearing" the party in his defence, "may require him to give bond." But an infant cannot appear, except by guardian ; nor can he be heard without

appearing. The magistrate's order was therefore void, and the bond was also void for duress.

The bond was for the appearance of Parker, and for performing the order of court. But it does not appear from the record that he did not appear; and no order was made, which he failed to perform. Admitting the bond to be valid, no breach of it is shown.

II. Infancy is a defence to this bond. The Rev. Sts. *c.* 49, § 1, do not necessarily require the party to give his own bond. The words "any woman," in the same section, do not authorize a married woman to make complaints. And why should the words "the person" or "the party accused" include infants? In Rev. Sts. *c.* 135, § 20, special provision is made for taking the recognizance of married women and minors, as witnesses.

An infant's bond is void at common law; especially where, as in this case, it is a penal bond, and necessarily prejudicial to him. *Whitney* v. *Dutch*, 14 Mass. 461. *Oliver* v. *Houdlet*, 13 Mass. 239. *Vent* v. *Osgood*, 19 Pick. 573. *Jordan* v. *Lovejoy*, 20 Pick. 86. Co. Lit. 172 *a. Ayliff* v. *Archdale*, Cro. Eliz. 920. *Charnock* v. *Worsley*, 1 Leon. 114. *Keane* v. *Boycott*, 2 H. B. 511. *Baylis* v. *Dineley*, 3 M. & S. 477. *U. States* v. *Bainbridge*, 1 Mason, 82. At the least, the bond is voidable; and that is sufficient for this defence. And if the principal is not bound, the sureties cannot be held, in a case like this. *Thompson* v. *Lockwood*, 15 Johns. 256. *Fisher* v. *Shattuck*, 17 Pick. 252. *Hazard* v. *Irwin*, 18 Pick. 104.

WILDE, J. Several objections have been raised to the validity of the bond now in suit, arising from the facts appearing by the record of the proceedings before the justice, and in the court of common pleas, upon which I will briefly state the opinion of the court.

Most of the objections are founded on the alleged irregularity of the proceedings; the principal objection being, that the principal defendant was a minor, and that a guardian *ad*

*litem* ought to have been appointed to defend him against the plaintiff's accusation. But, admitting that such a guardian should have been appointed, we think it clear that the omission does not render the proceedings void, but only erroneous; and that they are valid, and can only be reversed and set aside on a writ of *certiorari.* And the same principle applies to the other objections to the proceedings. The objection, therefore, that the bond was given under duress cannot be maintained. This case differs from that of *Fisher* v. *Shattuck,* 17 Pick. 252; for in that case the justice had no jurisdiction, and the whole proceedings were *coram non judice.*

The remaining objection to the action is, that the defendants are not liable, because the principal in the bond was a minor. To this objection it has been answered, that the statute requires that the party accused, under the bastardy act, should give bond, and there is no exception of minors, as there is in the Rev. Sts. *c.* 135, § 20, as to witnesses, being married women or minors; and it has been argued, that it must, from the nature of the subject, have been intended that minors should not be excepted. And the rule laid down by Lord Wilmot, as to the construction of similar statutes, is applicable. He says, " many cases have been put, where the law implies an exception, and takes infants out of the general words, by what is called a virtual exception. I have looked through all the cases; and the only inference to be drawn from them is, that where the words of a law, in their common and ordinary signification, are sufficient to include infants, the virtual exception must be drawn from the intention of the legislature, manifested by other parts of the law; from the general purpose and design of the law; and from the subject matter of it." *Earl of Buckinghamshire* v. *Drury,* Wilmot, 194. By this rule of construction, we are of opinion that the Rev. Sts. *c.* 49, § 1, must be so construed as to include infants. The justice is authorized to require the party accused "to give bond, with sufficient sureties, to appear and answer to the said complaint, at the next court of common

pleas, and to abide the order of court thereon, and may order him to be committed, until such bond shall be given."

From this language of the statute, and the nature of the subject, there seems no reason to doubt that it was intended to include minors.   This is not a case entitling the minor to any privilege.   He is liable for costs ; he may contract marriage ; and there appears to be no objection to his giving bond as the statute requires.

*Judgment for the plaintiff.*